# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# LONDON

| | |
|---|---|
| DUSTIN C. LAWSON, | ) |
| Plaintiff, | ) |
| v. | ) NO. 6:22-CV-00081-REW-MAS |
| WHITLEY COUNTY DETENTION CENTER, et al., | ) RECOMMENDED DISPOSITION |
| Defendants. | ) |

This matter is before the undersigned on the referral from the District Court. Plaintiff, Dustin C. Lawson filed a Complaint alleging violations of his constitutional rights as related to his confinement (though it appears he is no longer incarcerated). He filed the Complaint pro se. [DE 1]. However, it appears Lawson stopped pursuing this lawsuit, or, at a minimum, cannot be located. The Court thus ordered Lawson to show cause why his case should not be dismissed for failure to prosecute it. [DE 61]. Lawson did not respond to the Court's show cause order. In the interim, Defendants Andrew Fuson and Zach Halloway filed a Motion to Dismiss for Lack of Prosecution pursuant to FED. R. CIV. P. 41(b) and LR 5.3. [DE 62].

District Courts have the authority to *sua sponte* dismiss actions for failure to prosecute under Rule 41(b). *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962)). "This measure is available to the district court as a tool to effect management of its docket and

avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll v. AT&T*, 176 F.3d 359, 362-62 (6th Cir. 1999)). "Dismissal of a claim for failure to prosecute is a harsh sanction" that courts should only order after giving the Plaintiff adequate opportunity to prosecute its case. *Id.* at 726. When deciding whether dismissal under Rule 41(b) is warranted, courts should consider the following four factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Knoll v. American Tel. & Tel.,* 176 F.3d 359, 363 (6th Cir.1999) (citation omitted).

Here, these factors are met. The first factor is met when a party "display[s] either an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings." *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001) (quoting *Shepard Claims Serv. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986)). Lawson failed to respond to the Court's show cause order [DE 61], the Court's Order to file discovery plans [DE 57], and the Motion to Dismiss [DE 62]. In fact, Lawson has taken no official action in this case since filing a motion for extension of time on November 27, 2023. [DE 51].

Second, the defendants have expended resources in an attempt to defend this action, without the participation of Lawson. [DE 43, 46, 47, 48, 59, 60, and 62]. The

2

filings reflect the defendants' diligent efforts at keeping the Court apprised of the status of Lawson's criminal case during the stay of this case, as well as their attempt abide by the Court orders in this matter. Even assuming minimal prejudice due to the early procedural posture of the case, the defendants cannot be expected further to expend time and resources given Lawson's total abandonment of the case. *See White v. Bouchard*, No. 05-73718, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008) ("[D]efendants cannot be expected to defend an action which plaintiff has apparently abandoned, not to mention the investment of time and resources expended to defend this case."). Thus, the second factor weighs in favor of dismissal.

Third, Lawson was expressly warned in the Court's show cause order on June 20, 2024, that his failure to respond and update his address would result in the undersigned recommending dismissal of this action. [DE 61]. Despite the warning and the Court and defense counsels' attempts to contact him [see DE 59 and 60], Lawson has not contacted the Court in any way to express his intention to proceed with this case. This factor favors dismissal.

Finally, Lawson's failure to respond to the Court's show cause order or filing anything in this case since November 2023 "renders the imposition of lesser sanctions unlikely to prompt even dilatory compliance." *Patton v. Phillips*, No. 7:22-cv-23-REW, 2022 WL 2980343, at *2 (E.D. Ky. July 28, 2022). Moreover, "dismissal without prejudice is an appropriate sanction in this situation, as it balances the court's interest in 'sound judicial case and docket management' with 'the public policy interest in the disposition of cases on their merits.'" *Cornett v. Dobson*, 338 F.R.D.

3

97, 99 (E.D. Ky. 2021) (quoting *Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 557 n.5 (6th Cir. 2004)). This is particularly true considering the undersigned is recommending dismissal, providing Lawson one last opportunity to respond and object to dismissal of his case before finality of any action by the District Court.

In addition to the above reasons for dismissal, LR 5.3 provides that "[f]ailure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions." LR 5.3. Neither the Court nor Defendants have been able to locate a deliverable address for Lawson. Based on Lawson's prior filing by hand-delivery to the Clerk's office, it appears Lawson knows how to contact the Court and should have done so by now.

Accordingly, the Court **RECOMMENDS** the District Court **GRANT** the **MOTION TO DISMISS** as to Defendants Fuson and Halloway and, further, *sua sponte* **DISMISS** without prejudice all claims pursuant to LR 5.3 and FED. R. CIV. P. 41(b) in this matter for lack of prosecution for the reasons stated herein. The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of said statute. As defined by § 636(b)(1), FED. R. CIV. P. 72(b), and local rule, within **fourteen days** after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration.

Entered this 16th day of October, 2024.



MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY