UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| DUSTIN C. LAWSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 6:22-CV-81-REW |
| v. | ) | |
| | ) | ORDER |
| WHITLEY CNTY. DET. CTR., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Dustin C. Lawson filed a *pro se* complaint alleging constitutional violations related to his confinement. *See* DE 1 (Complaint); DE 7 (Amended Complaint). After screening the Amended Complaint, the Court directed service upon Defendants, *see* DE 11 (Screening Order), and subsequently referred the matter to Magistrate Judge Matthew A. Stinnett, *see* DE 53 (Referral Order).

In January of 2024, the Court ordered the parties to meet and confer pursuant to Federal Rule of Civil Procedure 16. *See* DE 57 (Meeting Order). However, an attempt to mail DE 57 to Lawson failed. The document was returned as undeliverable. *See* DE 58 (Returned Mail 2/5/2024). Defendants then informed the Court that their efforts to contact Lawson had likewise been unsuccessful, *see* DE 60 (Status Report), and on June 20, 2024, the Court ordered Lawson to show cause within 30 days as to why the case should not be dismissed for failure to prosecute, *see* DE 61 (Show Cause Order). After another month passed without any word from Lawson, Defendants Andrew Fuson and Zach Halloway moved to dismiss for lack of prosecution under Federal Rule 41(b) and Local Rule 5.3. *See* DE 62 (Motion to Dismiss). Lawson has still not

1

responded to DE 61 or DE 62, and an additional attempt to contact him once again yielded a return as undeliverable. *See* DE 63 (Returned Mail 8/28/24). Lawson's last participation in the case was on November 27, 2023, when he filed a motion for an extension of time. *See* DE 51 (Motion for Extension). He has not kept a current address with the Clerk, and he has not meaningfully appeared or participated in the case in almost a year.

Given Lawson's extended lack of participation in the case, Judge Stinnett now recommends that the Court grant Fuson and Halloway's motion and dismiss Lawson's claims without prejudice pursuant to Rule 41(b) and LR 5.3. *See* DE 64 (Recommended Disposition). Judge Stinnett informed all parties of their right to object to the recommendation under 28 U.S.C. § 636(b)(1) within fourteen days. *See id.* at 4. That deadline has now passed without objection from any party. The matter is ripe for review.

The Court is not required to "review . . . a magistrate[ judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a [party] does 'not raise an argument in his objections to the magistrate[ judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal'" (quote brackets simplified) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996))); *United States v. Olano*, 113 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); Fed. R. Civ. P. 72(b)(3) (limiting de novo review duty to "any part of the magistrate judge's disposition that has been properly objected to"); 28 U.S.C. § 636(b)(1) (requiring de novo review only as to "those portions" of the recommendation "to which objection is made").

With no objection from any party, and with more than eleven months of consistent silence and inattention on Lawson's part as to the responsibilities of a litigant in and pendency of this case, the Court upon full review of the record **ORDERS** as follows:

1. The Court **ADOPTS** Judge Stinnett's Recommended Disposition (DE 64);

2. The Court **GRANTS** DE 62, as to dismissal without prejudice;

3. The Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims (DE 1, DE 7);

4. The Court **DIRECTS** the Clerk to **STRIKE** this matter from the docket; and

5. The Court shall enter an appropriate Judgment.

This the 31st day of October, 2024.

Signed By:
*Robert E. Wier* REW
United States District Judge